**MEMORANDUM ENDORSEMENT**

<u>Wieder v. Greater Hudson Valley Health System et al</u>
7: 21-cv-08026-NSR-VR

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/2023

   The Court is in receipt of Plaintiff's letter, dated June 14, 2023 (ECF No. 48) requesting that the Court reopen discovery to facilitate the deposition of MaryAnn Malamas, the Plaintiff's former direct supervisor. Defendants oppose the request in a letter dated June 14, 2023. (ECF No. 49.)

   The Court notes that a briefing schedule on Defendants' summary judgment motion has already been set and remains pending. (ECF No. 46.)

   However, given Plaintiff's request to reopen discovery, the Court STAYS the briefing schedule and DISMISSES Plaintiff's request to reopen discovery without prejudice to renew before Magistrate Judge Victoria Reznik.

   The parties are directed to inform the Court within 5 business days, in writing, regarding whether discovery is not reopened, or if discovery is reopened, inform the Court that discovery has been completed. Thereafter, the Court will issue an amended summary judgment briefing schedule, including with respect to any supplemental summary judgment motions, if necessary.

   The Clerk of the Court is directed to terminate the motion at ECF No. 48.

Dated: June 14, 2023
   White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

June 13, 2023

*Via: ECF*
Hon. Nelson S. Roman
United States District Court

        **Re**:    **Chaya Wieder v. Garnet Health et al. - Case No. 7:21-cv-08026 (NSR)**

Dear Judge Roman,

    This letter is to respectfully request that discovery be reopened in this case to facilitate the deposition of MaryAnn Malamas, the Plaintiff's former direct supervisor and a crucial witness in this matter. Initially, the Defendants contended that Ms. Malamas was no longer employed by them, thereby claiming an inability to produce her for a deposition.

    However, after months of diligent investigation, our investigator successfully located Ms. Malamas in Florida on June 9, 2023. During the course of their conversation, Ms. Malamas confirmed her familiarity with the case, revealed that she does not currently have legal representation, and expressed her willingness to provide a statement.

    Once we obtained this vital information, I promptly informed counsel for the Defendants, seeking his consent for me to proceed with taking Ms. Malamas's statement. However, defense counsel, by letter dated June 12, 2023, asserted that he represents Ms. Malamas, objected to a statement, and refused to produce her for a deposition.

    Given the pivotal role Ms. Malamas plays in this case and the critical information she possesses, it is imperative that discovery be reopened to allow for her deposition. Failing to do so would perpetuate an injustice by denying the Plaintiff access to a key witness and potentially vital evidence, thus compromising the fundamental fairness of these proceedings.

    The Defendants should not be allowed to benefit from their tactic of hiding the witness during the discovery phase, only to later solicit her as a client after filing their summary judgment motion. This maneuver effectively impedes the Plaintiff from obtaining Ms. Malamas's statement and deposition, undermining the pursuit of truth and justice in this matter.

    Accordingly, Plaintiff respectfully requests that discovery be reopened, and that defendants' summary judgment motion be stayed until discovery is complete.

                                                       Respectfully submitted,

                                                       Eli Wagschal, Esq.

cc: All counsel of record (via ECF)

# JacksonLewis

**Jackson Lewis P.C.**
44 South Broadway, 14th Floor
White Plains NY  10601
(914) 872-8060 Main
(914) 946-1216 Fax
jacksonlewis.com

June 14, 2023

**VIA ECF**

Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re:**   **Wieder v. Garnet Health, et al.**
     **Civil Action No. 7:21-cv-08026 (NSR)**

Dear Judge Román:

We represent Defendants in the above-referenced matter. We write this letter in Opposition to Plaintiff's request that discovery be reopened in this case.

Plaintiff's letter does not provide a full or accurate representation of this matter. In or about December 2022, Plaintiff requested to depose Ms. Malamas in connection with this matter. At the time of Plaintiff's request, Ms. Malamas was a former employee of Defendant Garnet Health. We did not represent Ms. Malamas; and we had not had any contact with Ms. Malamas. As a result, and in accordance with Federal Rule of Civil Procedure 26(b) and 30(a)(1), on December 19, 2022, Defendants provided Plaintiff's counsel with Ms. Malamas' last known address so that he could subpoena her for a deposition. Defendants are not aware of any attempt by Plaintiff's counsel to subpoena Ms. Malamas.

After discovery came to an end on February 24, 2023, pursuant to Section 3(A) of Your Honor's Individual Practices in Civil Cases, Defendants filed a letter motion requesting leave to file a motion for summary judgment. (ECF No. 39). In Plaintiff's opposition to Defendants' letter motion, Plaintiff did not raise (1) the need for additional discovery, or (2) the fact that Ms. Malamas had not yet been deposed. (ECF No. 41). On March 15, 2023, Your Honor granted Defendants leave to file a motion for summary judgment. (ECF No. 42). Defendants served copies of their motion for summary judgment on both Plaintiff and the Court on April 14, 2023. It was not until June 8, 2023, approximately 60 days after Defendants served their motion for summary judgment that Plaintiff raised the possibility of reopening discovery.

It is Defendants' understanding that Plaintiff's counsel spoke with Ms. Malamas via telephone on or about June 9, 2023. At the conclusion of that conversation, Plaintiff's counsel told Ms. Malamas that he was going to send her documents to review and would ask her further questions about those

**JacksonLewis**

documents. It is also Defendants' understanding that in response to Ms. Malamas' comment that she first wanted to reach out to her former employer, Defendant Garnet Health, Plaintiff's counsel informed her that if she did not speak with him again, he would subpoena her. On June 9, 2023, following that conversation, Ms. Malamas contacted Defendant Garnet Health. Ms. Malamas then requested legal representation by undersigned. Defendants' counsel's *first* communication with Ms. Malamas did not occur until June 12, 2023. Therefore, any insinuation that Defendants were attempting to "hide" Ms. Malamas is untrue and unfounded.

Reopening discovery at this late stage would be highly prejudicial and improper. Defendants' current motion for summary judgment was made after the close of discovery. Plaintiff had ample opportunity to conduct discovery and oppose Defendants' request for leave to file a motion for summary judgment yet failed to do so. See Little v. City of New York, 487 F. Supp. 2d 426, 435-436 (S.D.N.Y. 2007) (denying request to reopen discovery where plaintiff has had reasonable opportunity to conduct discovery); Wayne v. Principi, No. 01 Civ. 941 (GWG), 2004 U.S. Dist. LEXIS 3141, at *12-13 (S.D.N.Y. Mar. 3, 2004) (denying request for additional time to conduct discovery where plaintiff had ample opportunity to conduct discovery and to obtain court relief); Employers Insurance Co. of Wausau v. General Star Nat'l Ins. Co., No. 03 Civ. 6575 (DLC), 2004 U.S. Dist. LEXIS 12904, at *15-16 (S.D.N.Y. Jul. 9, 2004) ("Discovery should not be extended when the party opposing summary judgment has had a "fully adequate opportunity for discovery."). McAllister v. New York City Police Dept., 49 F. Supp. 2d 688 (S.D.N.Y. 1999) (denying plaintiff's discovery request where the summary judgment motion came after the conclusion of discovery and plaintiff had ample time to complete discovery). Therefore, Defendants respectfully request that the Court deny Plaintiff's request to reopen discovery.

We thank the Court for its consideration in this regard.

Respectfully submitted,

*/s/ Joseph A. Saccomano*

Joseph A. Saccomano, Jr.
(914) 872-6903
Joseph.Saccomano@jacksonlewis.com
Jackson Lewis P.C.

cc:   Eli Wagschal (via ECF)

4887-4272-3434, v. 3